IN THE SUPREME COURT OF THE STATE OF NEVADA

| IN THE MATTER OF DISCIPLINE OF DAVID A. ALESSI, CA BAR NO. 229807 AND STEVEN T. LOIZZI, BAR NO. 10920 | No. 80530 |

FILED

MAY 22 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT FOR ATTORNEY STEVEN T. LOIZZI

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Steven T. Loizzi.[1] Under the agreement, Loizzi admitted to violating RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers). Loizzi agreed to a one-year extension of the probationary terms that were imposed in an earlier disciplinary matter, for which he received a stayed suspension, and to retain a certified public accountant to manage the finances of any law firm in which he participates.

Loizzi has admitted to the facts and violations as part of the guilty plea agreement. Therefore, the record establishes that Loizzi, as the resident attorney for Alessi & Koenig's multijurisdictional practice, violated RPC 5.1 by knowingly failing to supervise attorney David A. Alessi in safe-

---

[1]The conditional guilty plea agreement addressed misconduct by both Loizzi and attorney David A. Alessi. We have addressed Alessi's misconduct and the portion of the conditional guilty plea agreement that pertains to him in a separate order in this docket.

20-19496

keeping excess proceeds from home foreclosure sales; and failing to take remedial action or recognize and act on Alessi's misconduct at a time when its consequences could have been avoided or mitigated.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (stating purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Loizzi admitted to knowingly violating a duty owed to the legal profession (responsibilities of partners, managers, and supervisory lawyers), thereby causing injury or potential injury to the profession but also to clients or third-party claimants who were forced to litigate to recover foreclosure sale proceeds to which they were entitled. The baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The record supports the panel's findings of one aggravating circumstance (prior disciplinary offenses) and five mitigating circumstances (absence of dishonest or selfish motive, personal or emotional problems, full and free disclosure to disciplinary authority/cooperative attitude, imposition of other penalties and sanctions, and remorse).

SUPREME COURT
OF
NEVADA

(O) 1947A

Based on the factors outlined in *Lerner*, including the aggravating and mitigating circumstances, we conclude that the recommended discipline is insufficient to serve the purpose of attorney discipline. Loizzi has prior disciplinary offenses, and a one-year extension of his probation for other misconduct does not sufficiently protect the public, the courts, and the legal profession. *Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28. Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings. Any future conditional guilty plea agreement should contemplate a term of actual suspension.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.          _____, J.
Gibbons                                               Hardesty

_____, J.          _____, J.
Parraguirre                                         Stiglich

_____, J.          _____, J.
Cadish                                                 Silver

cc:    Reisman Sorokac
        Chair, Southern Nevada Disciplinary Board
        Bar Counsel, State of Nevada
        Executive Director, State Bar of Nevada